IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RAYMOND KIM, | § § § | |
| *Plaintiff,* | § § | |
| vs. | § § | 5-22-CV-01142-FB-RBF |
| BIBLE STUDY FELLOWSHIP, RUSS MANTZEL, RYAN DOUGLAS, BILL TZETZOS, ROMANA BISHOP, RICK MAZUR, SUSIE ROWEN, CINDY LENARD, | § § § § § § § § | |
| *Defendants.* | | |

## ORDER TO SHOW CAUSE

Before the Court is Plaintiff Raymond Kim's Application to Proceed in District Court without Prepaying Fees or Costs and proposed Complaint. Dkt. No. 1. The Application was automatically referred for disposition, pursuant to 28 U.S.C. § 636(b) and the October 8, 2019, Standing Order regarding Court Docket Management of Cases Involving Applications to Proceed in Forma Pauperis for the San Antonio Division of the Western District of Texas. Authority to enter this Order stems from 28 U.S.C. § 636(b)(1)(A).

By his application, Kim seeks leave to proceed *in forma pauperis* ("IFP") based on his inability to afford court fees and costs. Kim, however, has failed to provide sufficient information regarding his monthly income and expenses, and the Court therefore cannot evaluate the merits of his request. Additionally, it appears Kim has sufficient savings to allow him to pay the filing fee without suffering undue financial hardship. This Order, therefore, directs Kim to provide additional financial information and to show cause why his IFP Application should not be denied, as explained further below.

**IFP Application**

All parties instituting a civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). The district court also generally imposes an administrative fee of $52.00.[1] The Court, however, may waive the initial filing fee and costs where a plaintiff submits an affidavit indicating that he or she is unable to pay these fees and costs. *See* 28 U.S.C. § 1915(a)(1); *Hayes v. Scott*, 116 F.3d 137, 140 (5th Cir. 1997) (finding that 28 U.S.C. § 1915(a)(1) is intended to apply to both prisoners and non-prisoners). An affidavit is sufficient if it states that, due to poverty, the plaintiff cannot afford to pay the costs of legal representation and still provide for himself and his dependents. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *see also Weber v. Holiday Inn*, 42 F. Supp. 2d 693, 697 (E.D. Tex. 1999). An affiant must provide the Court with sufficient information regarding his financial situation for the Court to evaluate whether IFP status is appropriate. *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988) ("To determine whether a particular order causes undue financial hardship, a court must examine the financial condition of the *in forma pauperis* applicant. This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory").[2]

In his IFP Application, Kim swears under penalty of perjury that he is not currently employed and that his only sources of income within the past 12 months were $800 and $1,200

---

[1] *See* https://www.txwd.uscourts.gov/court-information/fee-schedule/.

[2] *See also Rumph v. Douglas*, 162 F.3d 94 (5th Cir. 1998) (district court did not abuse its discretion in denying plaintiff's IFP motion where plaintiff provided the district court with an affidavit of poverty stating that he receives a monthly pension but failed to prove the amount of that pension); *Rossmann v. Pompeo*, No. 3:17-CV-2975-L-BH, 2017 WL 6559152, at *1 (N.D. Tex. Nov. 20, 2017), *report and recommendation adopted*, 2017 WL 6558159 (N.D. Tex. Dec. 22, 2017) (recommending denial of IFP application where plaintiff failed to show that he did not have sufficient financial resources to pay the $400 filing fee).

one-off payments for "[e]rrands for a friend" and "inconsistent" pay for Door Dash food deliveries. According to his affidavit, Kim's regular monthly expenses for rent, utilities, food, and car insurance total $882. Kim additionally pays $300 per month in credit card payments, $200 per month to support his parents, and has $230,000 in student loans. He does not specify how frequently or in what amount he makes student-loan payments. Kim has $33,722 in a savings or checking account, a car worth $3,000, and $2,000 in a 401(k).

Given Kim's unspecified monthly income and unspecified loan payments, it is impossible for the Court to determine whether ordering Kim to pay the filing fee would cause him undue financial hardship. However, based on the $33,722 he has in savings, it appears likely that he could afford the $402 filing fee without suffering undue hardship.

Accordingly, **IT IS ORDERED** that within **fourteen (14) calendar days** from the date of this order, Kim shall supplement his IFP Application with information addressing the following issues: (1) Kim's monthly income, including earnings from Door Dash; (2) the amount of loan payments Kim makes per month, if any; and (3) why, given the amount of Kim's savings, payment of the $402 filing would cause undue financial hardship and render Kim unable to provide for his basic needs.

Kim's pending IFP Application, Dkt. No. 1, will be **HELD IN ABEYANCE** pending the Court's receipt of this supplemental information.

Finally, Kim shall include the following declaration at the end of this supplement to his IFP Application:

*\*\*see next page\*\**

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed on this _____ day of _____2022.

_____
Signature of Plaintiff

**IT IS SO ORDERED.**

SIGNED this 28th day of November, 2022.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE