IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RAYMOND KIM, | § | |
| *Plaintiff,* | § | |
| vs. | § | 5-22-CV-01142-FB-RBF |
| BIBLE STUDY FELLOWSHIP, RUSS MANTZEL, RYAN DOUGLAS, BILL TZETZOS, ROMANA BISHOP, RICK MAZUR, SUSIE ROWEN, CINDY LENARD, | § | |
| *Defendants.* | § | |

## ORDER

Before the Court is the Motion to Appoint Counsel, Dkt. No. 2, filed by Plaintiff Raymond Kim. The Motion to Appoint Counsel was automatically referred for disposition, pursuant to 28 U.S.C. §636(b)(1)(A) and the October 8, 2019, Standing Order regarding Court Docket Management of Cases Involving Applications to Proceed in forma Pauperis for the San Antonio Division. For the reasons discussed below, the Motion to Appoint Counsel, Dkt. No. 2, is **DENIED WITHOUT PREJUDICE**.

Kim's Motion to Appoint Counsel was filed in conjunction with his Application to Proceed in District Court without Prepaying Fees or Costs and proposed civil complaint. *See* Dkt. No. 1. The proposed civil complaint involves allegations of discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12102 *et seq*. In support of his request for appointed counsel, Kim asserts that he contacted three private attorneys. Two attorneys declined the case because they were too busy to take on a new client. One attorney assisted Kim in preparing the EEOC claim but declined to represent Kim in a civil suit for unspecified reasons.

1

Kim asserts that he also contacted a legal aid association and a lawyer-referral service, but does not explain why these services declined to assist him.[1]

"There is no right to appointed counsel in civil cases, and [courts] do not appoint counsel unless the case presents extraordinary circumstances warranting an appointment." *Hudson v. Univ. of Tex. Med. Branch*, 441 F. App'x 291, 293 (5th Cir. 2011). In evaluating whether such extraordinary circumstances exist, courts consider the following: (1) the type and complexity of the case; (2) whether the litigant is capable of adequately presenting and investigating his case; and (3) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination of witnesses. *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982). "[T]he decision whether to appoint counsel rests within the sound discretion of the trial court." *Gonzalez v. Carlin*, 907 F.2d 573, 579 (5th Cir. 1990).

Consideration of the above-referenced factors counsels against appointment of counsel in this case. First, Kim's IFP Application indicates Kim has substantial savings and that his financial status does not warrant appointment of counsel. Kim paid the filing fee in response to the Court's Order to Show Cause why his IFP Application should not be denied. Additionally, Kim's application for appointment of counsel omits details as to why he was unable to find counsel, particularly with respect to the lawyer referral service and the legal aid association he contacted. Finally, Kim's application indicates he graduated college with a major in Sociology and a minor in Computing. Kim also has a graduate degree, namely a Master of Business Administration. At the same time, this appears to be a reasonably uncomplicated employment-discrimination case filed by an individual who has an advanced degree. Based on Kim's

---

[1] Kim wrote "see attached form" next to the checked boxes indicating he had contacted private attorneys, a legal aid association, and a lawyer referral service. The attached form, however, only provided information related to the private attorneys.

education level, he should be able to litigate this case without an attorney, which promises to be a difficult but not impossible task for someone of his abilities. *See, e.g.*, *Salmon v. Corpus Christi Indep. Sch. Dist.*, 911 F.2d 1165, 1167 (5th Cir. 1990).

For these reasons, Kim's Motion to Appoint Counsel, Dkt. No. 2, is **DENIED WITHOUT PREJUDICE**. Kim may re-urge his motion should his case survive dismissal and enter a more challenging phase of litigation for a *pro se* party.

**IT IS SO ORDERED**.

SIGNED this 13th day of December, 2022.

RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE