IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **RAYMOND KIM,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | CIVIL ACTION NO. SA-22-CA-1142-FB |
| | ) | |
| **BIBLE STUDY FELLOWSHIP,** | ) | |
| **RUSS MANTZEL, RYAN DOUGLAS,** | ) | |
| **BILL TZETZOS, ROMANA BISHOP,** | ) | |
| **RICK MAZUR, SUSIE ROWEN, and** | ) | |
| **CINDY LENARD,** | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING MOTION TO RECONSIDER JUDGMENT

Before the Court is Plaintiff's letter (docket no. 22), filed on February 26, 2024, which the Court construes as a motion to reconsider the Judgment of dismissal with prejudice entered in this employment discrimination case on August 23, 2023 (docket no. 20). After careful consideration, the Court is of the opinion that the motion should be denied.

On August 23, 2023, this Court accepted, without any objection from Plaintiff, the Report and Recommendation of United States Magistrate recommending this case be dismissed with prejudice for Plaintiff's repeated failures to comply with a Court orders and prosecute under Rule 41(b) and failure to serve Defendants under Rule 4(m). (Docket no. 19). The Court entered a final Judgment of dismissal with prejudice that same day. (Docket no. 20).

By way of his letter correspondence, Plaintiff, who is proceeding *pro se*, acknowledges "my case is closed" but asks "what are my options to reopen it[,]. . . appeal, get assigned to another judge, etc." (Docket no. 22 at page 1). Plaintiff explains "I don't have a law background, I'm not a lawyer, everything is foreign to me." *Id.*

Because Plaintiff seeks to move forward with this case, his letter is construed as a motion to reconsider this Court's Judgment under Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) reads:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment..

Fed. R. Civ. P. 60(b)(1)-(6). A Rule 60(b) motion must be made within a reasonable time. *Id.* at 60(c)(1).

The Court issued the Judgment of dismissal with prejudice in this case on August 23, 2023. (Docket no. 20). Plaintiff did not appeal so the Judgment became final thirty days later. Plaintiff fails to point to any controlling decisions or rules the Court overlooked, or anything else that might reasonably be expected to alter the Court's conclusion that his complaint was properly dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) and Fed. R. Civ. P. 4(m). Plaintiff also fails to explain why he waited an unreasonable amount of time, over six months, to file his motion.

Relief under Rule 60(b) is an extraordinary remedy: "[t]he desire for a judicial process that is predictable mandates caution in reopening judgments." *In re Pettle*, 410 F.3d 189, 191 (5th Cir. 2005) (quoting *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998)). "A party cannot have relief under Rule 60(b) merely because he is unhappy with the judgment." *Chick Kam Choo v. Exxon Corp.*, 699 F.2d 693, 695 (5th Cir. 1983). "Ignorance of the rules is not enough, nor is ignorance of the law." *Id*.

However persuasive Plaintiff's assertions of legal error might have been on a direct appeal, none was timely taken. The Fifth Circuit has "stressed that a Rule 60(b) appeal may not be used as a substitute for the ordinary process of appeal once the time for such has passed." *Id.* at 694-95. For these reasons, Plaintiff's motion to reconsider must be denied.

It is so ORDERED.

SIGNED this 7th day of March, 2024.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE